IT IS ORDERED

Date Entered on Docket: August 13, 2014



_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: Judy L. Trujillo, 3956,

                             Case No. 13-10294-j7

Debtor.

### DEFAULT ORDER GRANTING CITIMORTGAGE, INC. SUCCESSOR IN INTEREST TO ABN AMRO MORTGAGE GROUP, INC. ABANDONMENT OF PROPERTY LOCATED AT 1403 JAMES THOMPSON LANE, ESPANOLA

This matter came before the Court on the Motion for Abandonment of Property located at 1403 James Thompson Lane, Espanola, filed on July 14, 2014 Docket No. 25 (the "Motion") by CitiMortgage, Inc. successor in interest to ABN AMRO Mortgage Group, Inc. ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

      (a)       On July 14, 2014, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor(s) and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following property:

Parcel C-1 as shown and delineated on plat of survey entitled, "Survey Requested by Connie S. Thompson lying and being situate within Exception 158, Private Claim 159 of the Santa Clara Pueblo Grant, Section 1, Township 20 North, Range 8 East, N.M.P.M. in the vicinity of Fairview, (City of Espanola), County of Santa Fe, State of New Mexico", by John P. Montoya, N.M.P.S. No. 3953, recorded April 10, 1992 as Document Number 769,591 in Plat Book 234, Page 017; amended March 7, 1994 and recorded as Document No. 867,391 in Plat Book 277, Page 41, all in the records of Santa Fe County, New Mexico

(the "Property").

(c) The Notice specified an objection deadline of 14 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on July 31, 2014;

(f) As of August 8, 2014, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on August 8, 2014 Robin L. Hill, Bankruptcy Legal Assistant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §554(b), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the

Property, or both, in any court of competent jurisdiction; and

        (b)    To exercise any other right or remedy available to them under law or equity with respect to the Property.

2.    The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3.    This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

4.    This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

XXX END OF ORDER XXX

Submitted by:

LITTLE, BRADLEY & NESBITT, P.A.

By: /S/Electronically submitted/ 8.8.14
Karen H. Bradley
Attorney for Creditor
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722

Copies to:

Douglas Booth
Attorney for Debtor
1223 S. St. Francis, Dr., Ste. C
Santa Fe, NM 87505-4053

Yvette J. Gonzales
Trustee
P.O. Box 1037
Placitas, NM 87043-1037